IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-622-BO

GUY PERAINO & ANNA COLBERT, )
)
Plaintiffs, )
)
v. ) **O R D E R**
)
OCWEN LOAN SERVICING, LLC et al., )
)
Defendant. )
)

This matter comes before the Court on defendants' motions to dismiss. [DE 8, 14]. The motions have been fully briefed and are ripe for disposition. For the reasons discussed below, defendants' motions to dismiss are GRANTED.

## BACKGROUND

In May 2007, plaintiffs executed a deed of trust which was subsequently recorded in the Public Registry of Wake County, North Carolina. [DE 1-1]. In November 2017, the Clerk of the Superior Court of Wake County entered an order permitting foreclosure on plaintiffs' deed of trust. *Id.* at ¶ 10. That same day, the Clerk set a foreclosure sale for plaintiffs' encumbered property for November 27, 2017. *Id.* at ¶ 11.

On November 15, 2017, plaintiffs, proceeding *pro se*, filed the present complaint, alleging, among other things, invasion of property interests, trespass, and trademark infringement. *Id.* at ¶ 4–6. Defendants removed the case to this Court on December 15, 2017. [DE 1]. Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on

December 20, 2017. [DE 8]. Defendant Satterfield Legal, PLLC moved to dismiss on January 8, 2018. [DE 14].

## DISCUSSION

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Plaintiffs' complaint is disjointed and difficult to follow. Lacking a "short and plain statement" of plaintiffs' claim, as required by Federal Rule of Civil Procedure 8(a)(2), the Court construes plaintiffs' complaint as an attempt to challenge the foreclosure proceedings in Wake County Superior Court. Plaintiffs are not permitted to file separate suits challenging foreclosure proceedings and judgments. *Douglas v. Pennamco, Inc.*, 75 N.C. App. 644, 646 (1985). As a matter of law, plaintiffs cannot state a foreclosure-related claim, and have not plausibly alleged any other claims.

For these reasons, the Court finds that plaintiffs have failed to allege facts necessary to sustain any actions under state or federal law.

## CONCLUSION

For the above reasons, defendants' motions to dismiss [DE 8, 14] are GRANTED. The case is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

SO ORDERED, this 22 day of September, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE